Ms. Nelson. Good morning, your honors, and may it please the court. Arielle Nelson on behalf of the Cornucopia Institute, Dominic Marquez and Rebecca Goodman. We ask the court to reverse the district court's decision dismissing this case for lack of standing. We also ask the court to determine this case presents a live controversy and therefore is not moot. Plaintiffs are here because the U.S. Department of Agriculture appointed non-farmers to seats on the National Organic Standards Board that Congress reserved for organic farmers. The key issue on appeal is whether plaintiffs have alleged the injury in fact element of standing. They have. Plaintiffs have alleged that USDA's violations of the appointment procedures in the Organic Foods Production Act and the Federal Advisory Committee Act inflicted Article III injuries on plaintiffs in two ways, either of which is sufficient for standing. Perhaps you would address mootness first. Yes, your honor. USDA has failed to meet its heavy burden of demonstrating mootness. A case becomes moot only when it is impossible for the court to grant any effectual relief, and here declaratory relief and vacatur of Swoffer's appointment would constitute effectual relief. By declaring that the USDA has violated the Organic Foods Production Act and the Federal Advisory Committee Act. Well, she she now is an organic farmer, right? And the other challenged board member, that term has expired, so there's no longer any life challenge to it. Your honor, we disagree. First of all, although in our opening brief we pointed out that USDA's website indicates that she is an organic farmer, we haven't conceded that that is the case. Furthermore, the problem here is the process. So declaratory relief and vacating Swoffer's... Let me understand. Are you prepared back in the district court to file a new complaint denying that Swoffer is indeed an organic farmer? You think consistent with rule 11 you could make such an allegation? Your honor, I don't know if we could make it in the district court, but the point that I'd like to make is... Then you have a genuine mootness problem, right? I understand. You want a declaratory judgment. Lots of people want advisory opinions. The whole purpose of the mootness doctrine is to prevent that. So if there's a bona fide dispute about whether Swoffer is today an organic farmer, I could see having that dispute litigated, but it doesn't sound like there is a bona fide dispute. Just make... I want to make sure I understand you. So a couple of responses to that, your honor. First of all, part of the issue here is the process. If the district court issued a declaratory judgment... Perhaps you could answer the bona fide dispute question first. Is there a bona fide dispute about whether she's an organic farmer? No, your honor. However, we do think that, as the DC Circuit has said, questions about whether the composition of the board is fairly balanced under the Federal Advisory Committee Act is a question. If there is no bona fide dispute, and you've just conceded there is not, there's no question about her propriety as a member. She meets the qualifications. And the other challenged board member, that term has expired. So there's no question of unfair or some kind of unfair imbalance here. So your honor, part of the way I would respond to that question or comment is that the issue here is a procedural injury and a problem with the process. And the USDA did not apply the mandatory statutory criteria to all applications. It didn't weed out ineligible candidates that the statute determined were ineligible. Can you tell me what statutory procedure has to be applied to all your clients, the two members of the Cornucopia Institute, had a, quote, right to be considered, close quote. Where does that come from? So the language of the Organic Foods Production Act says that for organic farmers, for individuals who own or operate... No, that's who should be on the committee. The question I'm Your honor, I don't know that there's a specific violation. We're saying... I couldn't find one either. But without such a statute, I don't see how anybody has a right to be considered. And without a right to be considered, there's no underpinning for a claim that they violated my right to be considered. The claim here, Your Honor, comes from the Administrative Procedure Act and other cases such as Colorado Environmental Coalition v. Wanker do find that there is a claim when you're to challenge appointments to federal advisory committees. Well, your underlying substantive argument is that the board violated the rule that the appointees shall be people who own or operate an organic farming company. But in order to show standing, your clients have to show something that differentiates them from the whole public. Because under U.S. against Richardson, any injury to the whole public doesn't produce standing for anyone. I understood your theory to be why your clients were different from the whole public to be that they had applied for positions and their right to be considered. And that's what led me to say, did they have a right to be considered? Because if they didn't, they're no different from every other member of the public. So unless there is some statute that says that self-nominees have to be considered rather than thrown into the garbage, your strategy for saying my clients are not the same as every member of the public doesn't work. So I wish you would address my question. Your Honor, so the injury here is that the USDA considered and then appointed ineligible applicants. Yes. And if that is a problem, it is a problem which all 350 million some odd residents share in common. I wish you would address my question about is there something that differentiates your clients? And if the differentiating thing is they had a right to be considered, please point me to what created the right to be considered. Your Honor, I think it's a little bit different than whether they had a right to be considered and that these individuals have a direct interest in what the board does because this advisory committee is somewhat unique in that it actually not only does it influence the agency, but it also is able to constrain the agency's decisions. And these organic farmers are interested in exactly what this board does, which has to do... Of course we would be. You don't want to pursue that too far without creating serious problems under Article 2 and under Article 1 because these people are neither nominated by the President nor confirmed by the Senate. You don't want to pursue that. But I take it that your non-answer to my question means that you are unaware of anything that creates in your two individual clients a right to be considered for membership on the board. Your Honor, I don't know that that's necessary for their standing here, for example. It is your theory of standing articulated in your repellent brief. You had a different theory of standing in the district court, which was rejected by Judge Conley, and as I understood your repellent brief, not reasserted here. That's correct. We're no longer asserting standing on the basis of economic harm or reputational injury. But we do allege that there are two theories of standing here, and the second of which is the denial of the fair opportunity to compete for a position on the board. And in Locke de Flambeau Band, this court indicated... Is there anything that differentiates your clients from the other 350-plus million people in the country in that respect? Your Honor, I would say that they are organic farmers who applied for and were denied positions, and that Congress explicitly said that four organic farmers get a voice on this advisory committee. And so therefore, as organic farmers, they have a specific interest in what the board does. has a right to be considered. There's no rule that I can see that blocks the department from using self-generated nominations or nominations referred by the White House or nominations referred by some association other than the Cornucopia Institute. Is there? Your Honor, I would just disagree that that would be necessary for the standing. For example, a national anti-hunger coalition... Look, let me give you another agency. The Federal Trade Commission cannot have more than three members of the same party. And the historical tradition is to have three members of the president's party, two members of the opposition party, or sometimes one member of the opposition and one independent. Suppose you have two, three of the president's party, two of the opponent party. Could somebody who wanted to be on the FTC file a lawsuit and say, one of the nominal Democrats is just nominal. He's really a Republican. So there are really four Republicans. And I want you, court, to determine who's a real Republican and who's a real Democrat. Would that be justiciable litigation? I think it would depend on the regulations at issue here. No regulations at issue here in my hypothetical. There is a statute saying no more than three members of the FTC shall belong to any one party. And the claim, as I articulated in the hypothetical, is that one of the supposed minority members is really a closet majority member. Is that justiciable? I think it would be if the statute provided an administratable standard and law to apply. Whether you're a Republican or a Democrat, that's the statutory standard. It's as administrable as a claim whether you're a real organic farmer. Yes, I think it would be justiciable because it would provide the court with law to apply. I'm having a lot of trouble with that theory. I think it would provide... Go ahead. It would be a question of statutory interpretation for the court to answer. And just as here, that would be a question... It would be a simple garden variety question of statutory interpretation for the court to determine whether these individuals were organic farmers or not. And I'd just like to circle back to the issue of what declaratory relief would do in this case, which is it would require the USDA to go back and redo the appointment process, this time following Congress's mandate and applying the mandatory statutory criteria to all appointments, and therefore screening out candidates who were ineligible. Assuming we got through the standing issue, how would that be reviewable? Which I guess really gets to justiciability. The standing question would be reviewable because the court would determine whether or not under the statute these individuals were organic farmers. And the statute defines who is an organic farmer and specifically defines who is an organic handler. So when you read the statutory provisions together, it becomes clear who is not an organic farmer. Right. But you've said at the top of this argument that there is no bonafide dispute over whether the only continuing board member with an ongoing term is an organic farmer. So why would we be litigating that? If you agree there's no dispute about that, she is. It's analogous to a national environmental policy law case or similar cases where the injury has to do with the decision-making process. And so effectual relief would be correcting the decision-making process. And here the USDA has not indicated that there's been any... Wait, wait, wait. We're back to the statute. The statute says members have to be people who own or operate an organic farm. It doesn't say they had to have been on the day of their appointment, does it? Yes, I believe that it makes them eligible. They must own an organic farm to be eligible under the statute for appointment. What in the statute says that? Go back and look at it. I believe the language, Your Honor, just says that it must appoint people who are owner or operators of organic farms. And if it's all right, I'd like to reserve my last 36 seconds for rebuttal, please. Certainly. Thank you. Mr. Sindak. May it please the Court. Jerry Sindak, appearing on behalf of the USDA. And I'd just pick up on a point that Your Honors have been making, and I think the fundamental problem here, at least with respect to standing, and mootness is also a problem, but with at least respect to standing, is that plaintiffs have failed to identify any concrete and particularizing... There seem to be a cornucopia of jurisdictional problems. I would agree with that, Your Honor. I think, you know, again, one thing that makes this case unusual is plaintiffs aren't challenging any particular action that the Board has taken or anything the Secretary has done based on a recommendation of the Board or anything along those lines. So they really, it is the case they have failed to identify how their circumstance is different from that of the average citizen. And, of course, it's black letter law that that is not sufficient to support standing. To the extent their argument, and I think the only potential concrete harm is to say there isn't a representative on the Board who is an organic farmer, that harm is no longer true. As opposing counsel conceded, there is no bona fide dispute that the Board now consists of the requisite members who are organic farmers. So, and again, they're not challenging any past action that the Board has taken here, so the only harm they could experience would be a future harm. And if the Board is comprised of all organic farmers, there simply is no harm that they're experiencing in an ongoing manner. If Your Honors have no further questions. Thank you. Thank you, counsel. Anything further, Ms. Nelson? Yes, Your Honor. Your Honors, what happened here was that the USDA ignored Congress's statutory mandate and appointed non-farmers to seats that Congress specifically reserved for organic farmers. It cut the voice of organic farmers down to a whisper, and there is harm here because USDA has not indicated that it will begin applying the mandatory statutory criteria to all applications going forward. Isn't the problem who, or one problem, who has, who can bring such a claim? I mean, you dropped your economic injury. That's correct, Your Honor. But in national environmental, or in Winker, the court made clear that you don't need to challenge a specific decision, but rather the fact that there's not the mix of advice that Congress mandated on this Board is enough to have standing. I thought that what they did there was to say that the governor had unlawfully weighed in, or I'm not stating it very well, but his choices were given undue influence, and there was a specific statutory prohibition or regulatory prohibition against that. Your Honor, I would argue that it's analogous, because there the problem was that the BLM went around the regulations saying who had to be appointed, and that the result was these unbalanced advisory committees. And so the problem wasn't the undue influence. It was rather that there weren't these, they went around, they violated the statutory criteria. That was what they said could be the effect, and why they decided that the case could go ahead. But that was because of a particular influence in there. It wasn't here where it's just everyone. I would argue that you don't need to prove that there was undue influence, because the problem there, as the Winker court specified, was that the agency did not follow its own regulations, and it therefore short-circuited the requirements as to who went on this board, and therefore the result was unlawfully composed committees, and that was the harm there, and it's analogous here, where you have an agency that violated the mandatory statutory criteria that Congress set out. Are there no further questions, Your Honor? Thank you, Ms. Nelson. The case is taken under advisement.